The opinion of the court was delivered by
Mr. Justice Butlek.
By the 10th clause of the act of 1712, P. L. 102, a feme covert has five years within which to bring her action ©f trover, as well as other actions enumerated in the same clause. If it be true, that this action is brought to try Mrs. Thompson’s title to the negro Neptune, and to recover damages for his wrongful conversion, she would be clearly entitled to the benefit secured to feme coverts, by the above act. But if the proposition can he made out, that at the time of con. version by the defendant, the title to the negro was exclusively in her husband, Thompson, it would follow, as a legal consequence, that his right to recover, (and this action, of course,) would be barred by the statute of limitations, more than four years having elapsed from the sheriff’s sale to defendant, till the commencement of this suit. The title, under which plaintiffs claim, is derived from the deed executed by Richard Connelly to John W. Murray, (the then husband of the present Mrs. Thompson,) as trustee of his wife, for her special use and benefit. This deed must be construed according to its legal purport and operation. The negro is not given to the wife, but to the husband. The donor may have intended that the husband should hold the property, in trust, for the sole and separate use of the wife. But the title by the common law, was vested in *42 Murray. Allowing the deed to be unimpeached by fraud, and to have been duly delivered, and it is so assumed, it gave him the right of possession and dominion of the negro. He had it in his power at any time to assert his title, at law, against Connelly or any one else, who might claim the property. Equity might interpose and establish the trust, and order Murray to hold the negro, for the sole and separate use of his wife, if it were so intended by the donor. Such a purpose in the donor, however, should be very distinctly expressed, before, even a court of equity would establish it against the rights of the husband. To permit a feme covert to take and enjoy property to her separate use, is a qualification of the law by equity, and is a right peculiarly enforcible in a court of equity, where the true intention of the donor can be reached, and where entire justice can be done to all parties concerned. It is not the proviuce of a court of law to do this kind of justice, although it may be safely committed to equity, where its rules are well understood and definitely prescribed. The old maxim of the law, is, “ the husband is the head of the wife,” and therefore, all that she has belongs to him. It is uncertain from the testimony, whether Murray ever had possession of Neptune. Be' that as it may, he had a right to the possession, and upon his death, all his interest and title to the negro, passed, as all his other property did. Who was entitled to his property after his death ? By his will, duly executed, he appointed his widow his sole executrix, and made her his sole legatee. By qualifying as executrix, she subjected herself to the payment of her husband’s debts, if he left any, and became the legal owner of his estate. If the will conferred a benefit, by giving her more property than would pay the debts, as seems to be conceded, it was her interest to assent to her legacy under the will. It will be presumed, under such circumstances, that she did assent, and that she did not hold the property' in possession as executrix, but by her higher title as legatee. Any right of action that may have existed in her husband, she would have been obliged to prosecute in. her character, as executrix. Thompson, upon his marriage with her, would have been required by law, to sue in the same right, by joining his wife’s name in the action. By the marriage, all the personal property of Mrs. Thompson, in possession, became the property of her husband, and all that he reduced into possession, during cover-ture, became his exclusively and absolutely; whether the possession was acquired by action or otherwise, would make no difference.
The inquiry now arises — did Thompson, the present plaintiff, have possession of Neptune before defendant’s purchase at sheriff’s sale, which was the time the statute commenced to run ?■ There seems t© *43 ba no contradiction of testimony on this part of the case. Thomp. son certainly did have the actual possession, and his conduct, if not conclusive evidence, was a satisfactory indication of the character in which he held the negro. Claiming to be the absolute owner, he sold him to Wagner, or rather put him in the hands of an auctioneer, who sold him to Wagner. Wagner must have had the possession for some time under the title of plaintiff. For, from whom did he derive his title, if not from the plaintiff 1 It was not until after Wagner understood that there was some dispute about the title, that he returned him, and, as I understand, returned him to the plaintiff. Why suppose that Thompson took possession as the executor of Murray, when it was his interest to claim and hold the negro in his own right, which it was entirely competent for him to do ? It is said he acquired the possession by stealth. What difference can this make ? It is perfectly immaterial how he acquired the possession, if it were legal, and in fact, he had it before defendant’s conversion. I come to the conclusion, then, that at the time the statute commenced to run in favor of defendant, the title to Neptune was exclusively in Thompson, and that Mis. Thompson’s rights, as a feme covert, are not at all involved in this case. The only other view that can be taken of the subject, would be equally conclusive against the plaintiff’s right to recover. — Supposing the relation of trustee and cestuique trust to have existed, and been established between Murray and the present co-plaintiff, Mrs. Thompson, in whom would the title to this negro have vested after Murray’s death ? Most assuredly in his wi-dow, for she would have had the entire interest, both legal and equitable, united in her ; a;.d upon her marriage with Thompson, all his marital rights would have attached. The case is narrowed to this, that Neptune was Thompson’s property, and not 'his wife’s, at the time defendant’s statutary title commenced ; and it follows, that his right to recover, is barred by the statute of limitations, the defendant having been in possession of Neptune for more than four years before the commencement of this action. The verdict must be set aside, and a new trial is ordered.
A. P. BUTLER.
Murray’s minor child may be interested in this negro, as it seems from Murray’s will, brought to the view of the court since the within opinion was read, that the wife has only a life estate in the property given to her by the will, and the child to the remainder. This can make no difference in my opinion. Upon reducing the life estate into possession, it became the property of the husband, and his right *44 is barred by the statute. The minor’s interest cannot be affected by this decision. For not until his mother’s death, had he any right to take the negro. This right is unimpaired.
A. P. BUTLER.
We concur,
HENRY W. DESAUSSURE,
DAVID JOHNSON,
J. JOHNSTON,
J. S. RICHARDSON.